OPINION
Dustin Dennis appeals from his conviction in Greene County Common Pleas Court Juvenile Division of Contributing to the Delinquency of a Minor after a jury trial.
In a single assignment of error, Dennis contends the judgment of the trial court is against the manifest weight of the evidence.
The appellant's conviction resulted from his arrest in the early morning hours of November 28, 2000 in Franklin Park in Xenia, Ohio. Xenia Patrol Officer Harold Mathison was patrolling the park when he noticed a vehicle parked in the parking lot of the park. When he approached the vehicle he noticed two young males in the front seat and a young male and female in the rear of the vehicle. Officer Mathison learned that the driver was Aaron Brown, age 17, and the front passenger was Dustin Dennis who was an adult. Mathison observed a case of beer between the back seat passengers and a bottle of liquor under the front passenger seat. Mathison noted the vehicle smelled of alcohol and that all the occupants appeared intoxicated. Mathison also observed a pile of tobacco on the floor board of the driver's side of the vehicle. Mathison arrested the driver Aaron Brown and the juvenile back passenger, Laura Brown, for violating the Xenia curfew.
Xenia Officer Steve Lane responded to Franklin Park at Mathison's request and interviewed Dennis after removing him from the vehicle. Lane recovered a marijuana pipe from Dennis and Lane recovered a small amount of marijuana in a cellophane bag underneath the driver's seat. Lane determined that the other occupant in the back seat was an adult named Jeffrey Allen who was arrested for contributing to the delinquency of the minors as well as the defendants who was similarly charged.
At the trial Jeffrey Allen testified for the prosecution. He said he was partying at his mother's house on the night of November 27, 2000 with the defendant, Aaron Brown and two cousins. Allen said Aaron Brown wanted to pick up Laura Brown who was a juvenile and bring her over to Allen's mother's house. Allen testified he drove over to Laura Brown's house and asked her if she "wanted to come out and have a couple of drinks and smoke a blunt." (Tr. 60).
Allen testified he then drove Laura Brown, Aaron Brown, and the defendant to Franklin Park where they all drank and smoked marijuana. Allen testified that he supplied the marijuana and the beer and he denied that he told the police that the defendant had provided the marijuana. (Tr. 61). Allen said he was arrested for underage consumption and contributing to the delinquency of a minor. Allen testified he pleaded guilty to the contributing charge. On cross-examination, Allen admitted that he was pretty stoned when the police arrived and he had let Aaron Brown get behind the wheel of the car before the police arrived. Allen also said that the defendant stayed in the car while he got Laura Brown to come with them that evening. (Tr. 67).
Laura Brown testified that she was picked up in the early morning hours of November 28, 2000 by Allen, Aaron Brown, and the defendant. She testified she left her house with them and went to Moto Mart in Xenia where Allen and Dennis went into the store. She said one of them bought a cigar to make a "blunt shell" to smoke marijuana. She said they then went to the park where the defendant gave marijuana to Aaron and "he rolled the weed" which she, Aaron, and the defendant smoked. (Tr. 74). She testified the marijuana which the defendant provided was in a sandwich bag. (Tr. 75). She testified there was a 12 pack of beer and liquor in Allen's car as well. She testified the police found them in the park and arrested her for a curfew violation and drug abuse. On cross-examination, Laura said she did not know who bought the cigar but she saw Aaron Brown hollow it out so it could be used to smoke marijuana.
Officer Steve Lane of the Xenia Police Department testified that he responded to a dispatch in the early morning hours of November 28, 2000 to Franklin Park. After arriving there, Lane testified he observed the same thing Officer Mathison observed. He stated he removed the defendant from the vehicle and upon patting him down he found a marijuana pipe on him. Lane testified he asked Jeff Allen who had the marijuana and defendant's counsel objected to the question on hearsay grounds which was overruled by the trial court. Officers Lane testified that Allen told him that the defendant brought the marijuana. (Tr. 102). Lane said he cited the defendant for underage consumption of alcohol since he was under 21 years of age.
Jeffrey Allen testified for the defendant and denied telling Officer Lane that the defendant brought the marijuana to the party in the park. (Tr. 112).
The defendant testified in his own defense and denied giving any alcohol or marijuana to the juveniles. He admitted to drinking half a bottle of Goldslager liquor. (Tr. 120). He admitted that he pleaded guilty to underage consumption of alcohol related to consuming the liquor in the park.
The defendant argues the judgment is against the manifest weight of the evidence. He notes that Jeffrey Allen admitted he provided the alcohol and marijuana to the juveniles. He also notes that it was Aaron Brown who suggested they pick up Laura Brown and that Jeffrey Allen confirmed his testimony that he did not go to the door to pick up Laura Brown.
The defendant also notes that the marijuana was found in front of the driver's seat consistent with Jeffrey Allen's testimony that he provided the marijuana. He notes that Laura Brown's testimony is the only testimony implicating him in supplying the marijuana to the juveniles. He notes that Laura Brown may have testified for the prosecution to avoid prosecution herself as potential charges against her for underage consumption and the curfew violation were not pursued by the State.
The State argues that the defendant's assignment should be overruled because of Laura Brown's testimony and that of Officer Lane. Specifically, the State refers to the hearsay testimony of Lane wherein he testified that Allen told him that the defendant provided the marijuana. The State also notes that defendant was found in possession of a marijuana pipe at the time of his arrest.
When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52; Statev. Martin (1983), 20 Ohio App.3d 172, 175. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 175.
We cannot say that the evidence weighs heavily against the appellant's conviction. Although Jeffrey Allen testified that he provided the beer and marijuana to the juveniles, he was impeached by Officer Lane's testimony that Allen told him that Dennis provided the marijuana for use by the two juveniles. The jury was in the best position to evaluate Laura Brown's testimony that Dennis provided the marijuana and it is noteworthy that Dennis was found in possession of the marijuana pipe. The assignment of error is overruled.
The judgment of the trial court is Affirmed.
GRADY, J., and YOUNG, J., concur.